Steven L. Rodriguez (State Bar No. 199313)
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Specially-Appearing Defendant, J.P. ALLEN COMPANY dba HOLIDAY INN BURBANK-MEDIA CENTER

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, a California Corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. 13CV1431 BEN BLM<br><br>**SPECIALLY-APPEARING DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1406, OR ALTERNATIVELY, TRANSFER PURSUANT TO 28 U.S.C. § 1404; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN L. RODRIGUEZ; [PROPOSED] ORDER**<br><br>[*Defendant's Request for Judicial Notice served concurrently herewith*]<br><br>**DATE: October 15, 2013**<br>**TIME: 10:30 AM**<br>**COURTROOM: 5A** |

**TO DEFENDANT AND HIS ATTORNEY OF RECORD:**

   **PLEASE TAKE NOTICE** that on October 15, 2013 at 10:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 5A of the above-entitled court, located at 221 West Broadway in San Diego, California 92101, Specially-Appearing Defendant, JP Allen Company dba Holiday Inn Burbank-Media Center (hereinafter "Defendant") will and hereby does move this Court for an order transferring this action to the United States District

Court for the Central District of California, or, alternatively, for an order dismissing this case without prejudice.

Said Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. §1406 and 28 U.S.C. §1404 and is based on upon this Notice, the attached Memorandum of Points and Authorities, the attached declaration of Steven L. Rodriguez, the [Proposed] Order, the records, pleadings and files of the Court herein, and all other relevant matters presented to this Court at the time of the hearing.

DATED: September 5th, 2013      WOOD, SMITH, HENNING & BERMAN LLP

By: _____
STEVEN L. RODRIGUEZ
Attorneys for Specially-Appearing Defendant, J.P. ALLEN COMPANY dba HOLIDAY INN BURBANK-MEDIA CENTER

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL AND FACTUAL BACKGROUND

On June 19, 2013, Plaintiff filed his Complaint in this matter. On August 21, 2013, Plaintiff Kevin Wilson (hereinafter "Plaintiff"), through his counsel of record, mailed counsel for Defendant J.P. Allen Company dba Holiday Inn Burbank-Media Center (hereinafter "Defendant") a Notice of Lawsuit and Request to Waive Service of a Summons. See Declaration of Steven L. Rodriguez (hereinafter "Rodriguez Decl."), ¶ 2. On August 27, 2013, attorneys of record for Defendant executed the Waiver of the Service of Summons on behalf of Defendant and sent Plaintiff the original executed waiver form in the self-addressed stamped envelope provided by Plaintiff's counsel. See Rodriguez Decl., ¶ 3.

Defendant is a wholly owned business entity, doing business within the State of California. See Rodriguez Decl., ¶ 4. Specifically, Defendant does business within the Cities of Burbank and Glendale, California. Id. Defendant does not conduct any business within the Southern District of California. See Rodriguez Decl., ¶ 5.

## II. FACTUAL BACKGROUND

Plaintiff's Complaint seeks damages from Defendant in connection with an alleged slip and fall that occurred on the site of Defendant's property, located in Burbank, California, on February 11, 2012. See Plaintiff's Complaint (hereinafter "Complaint"), Page 2, lines 8-16 and Page 3, lines 14-15; See Rodriguez Decl., ¶ 6.

According to the Complaint, Plaintiff is a resident of the State of Louisiana. See Complaint, Page 1, lines 21-22. Plaintiff is bringing the current action in Federal Court pursuant to a claim of diversity jurisdiction under 28 U.S.C. § 1332 (requiring diversity of citizenship and an amount in controversy exceeding $75,000). See Complaint, Page 2, lines 5-6.

1 Defendant's principal place of business is located in Burbank, California.
2 The site of the alleged incident is also in Burbank, California.

3  Given the foregoing facts, Plaintiff has entirely failed to state sufficient grounds for filing the present action in the Federal Court for the Southern District of California. As set forth below, neither the Plaintiff nor the Defendant have any connection with this District. Additionally, the events allegedly giving rise to the action also have no connection with the District whatsoever.

9  For these reasons, Defendant hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(3) for an order dismissing this action for improper venue. In the alternative, Defendant moves, pursuant to 28 U.S.C. § 1406(a), for an order dismissing this action; or, pursuant to 28 U.S.C. § 1404(a), for an order transferring this case to the United States Court for the Central District of California.

## II. LEGAL ARGUMENT

There are no facts giving rise to or supporting Plaintiff's filing of this lawsuit in the Southern District of California. The purpose of the federal venue rules "is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." Leroy v. Great W. United Corp., 443 U.S. 173, 184 (1979). Issues raised in determining proper venue in federal actions are governed exclusively by federal law. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 27-28 (1988). Venue must be proper as to *each* defendant joined in the action, as well as to each claim. Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 410 (Fed. Cir. 1996). Once venue is challenged, it has long been the rule in the Ninth Circuit that the burden is on the plaintiff to establish that venue is proper. See Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979); see also King v. Vesco, 342 F. Supp. 120, 125 (N.D. Cal. 1972). In this

case, as set forth below, venue is wholly improper in the Southern District of California. Therefore, this court should dismiss this case, pursuant to 28 U.S.C. § 1406(a) or transfer the case, pursuant to 28 U.S.C. § 1404(a).

### A. This Case Should Dismissed Pursuant to 28 U.S.C. § 1406(a) Because Venue is Not Proper In the Southern District of California

Section 1406 of Title 28 of the United States Code provides judicial guidelines for the handling of cases which are improperly venued. Specifically, 28 U.S.C. § 1406(a), states:

The district court of a district in which is filed a case laying venue in the wrong division or district **shall dismiss**, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. (emphasis added)

In other words, a district court may transfer a case brought in the wrong division or district if doing so would be in the interest of justice[1]; however, if such a transfer is denied, the court ***must*** dismiss the action. See Hapaniewski v. City of Chicago Heights, 883 F.2d 576, 579 (7th Cir. 1989).

#### (i) The Present Venue Is Improper Pursuant to 28 U.S.C. § 1391(b)

Section 1390 *et seq.* of Title 28 of the United States Code governs the rules related to issues of venue in Federal District Courts. Specifically, 28 U.S.C. 1391(b) identifies three alternatives under which venue may be proper under this title. This section provides, in relevant part, that a civil action may be brought (exclusively) in one of the following venues, except as otherwise provided by law:

---

[1] The "interest of justice" constitutes a specific set of considerations enumerated and examined below

> (1) a <u>judicial district in which any defendant resides</u>, if all defendants are residents of the State in which the district is located;
>
> (2) a <u>judicial district in which a substantial part of the events or omissions giving rise to the claim occurred</u>, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. (emphasis added)

In this case, none of these standards apply. First, the Defendant does not reside in the Southern District of California. As set forth above, the sole named defendant in this action is a business entity, doing business within the City of Burbank, California (*i.e.*, within the Central District of California) with no connection to the Southern District of California. Therefore, subsection (1) cannot be used as a basis for asserting proper venue in this matter.

Next, none of the events constituting a substantial part of the events giving rise to Plaintiff's claim occurred in the Southern District. As pleaded, all the alleged events or omissions giving rise to the claim occurred in Burbank, California. The Complaint specifically alleges that the Plaintiff fell at Defendant's premises, located in Burbank, California. *See* Plaintiff's Complaint, page 1, lines 26-28 and page 2, lines 8-12. Therefore, as there is likely no significant events which occurred in the Southern District and gave rise to the claims alleged by Plaintiff, 28 U.S.C. § 1391(b) subsection (2) of the foregoing statute is inapplicable.

Finally, as set forth below, there exists another, more preferable, district in which this action may be brought. Subsection (3) of the foregoing statute is only intended to apply if the first two subsections are inapplicable, as applied to *any* district. However, as the Central district would constitute a proper venue, by fulfilling the requirements of either subsection (1) or (2) of

the foregoing statute, subsection (3) is inapplicable as a basis for finding the Southern District of California to be a proper venue in this matter.

For the foregoing reasons, venue of this case in the Southern District of California is improper. Accordingly, Defendant respectfully requests that this court dismiss Plaintiff's Complaint, or in the alternative, transfer this case, pursuant to the provisions identified below.

**B.  In The Alternative, For The Convenience Of The Parties, The Witnesses And In The Interests Of Justice, This Action Should Be Transferred To The US District Court for the Central District Of California Pursuant to 28 U.S.C. § 1404(a)**

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district or division where it might have been brought by applying the following considerations: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) in the interest of justice. 28 U.S.C. § 1404(a). In this case, should the Court determine to transfer this case, these factors weigh heavily in favor of transferring this case to the Central District of California.

### (i)  The Central District of California Would Be More Convenient for the Parties

There is no question that the Central District of California would be more convenient for the Defendant. The location of the Defendant's business and headquarters are in Burbank, California, in close proximity to the District Court of Central District of California. Defendant's employees reside in the Central District. Defendant's attorney's place of business lies within the Central District. Therefore, this location would make the attendance of Defendant's employees and representatives for appearances at hearings, matters related to alternative dispute resolution, and trial, if necessary, significantly less expensive. It would also take Defendant's

1 representatives significantly less time to attend these matters and would
2 thereby also be much easier to schedule.
3     With regard to Plaintiff, it is unclear on what basis Plaintiff has filed this
4 case in the Southern District of California. Plaintiff is a resident of Louisiana
5 and his attorney resides in Texas. Given Plaintiff's original choice of venue
6 (in the Southern District of California), and the suggested venue's relative
7 proximity to the proposed court (compared to the current locations of
8 residence for Plaintiff and his counsel), it does not appear that Plaintiff or his
9 counsel would be severely inconvenienced by having the venue for this
10 action relocated within the same state and to the Central District.

### (ii) The Central District of California Would Be More Convenient for the Witnesses

13     For many of the same reasons as identified in the preceding section,
14 the Central District of California would be more convenient for the witnesses
15 in this case. Although Plaintiff has failed to plead sufficient facts to identify
16 any witnesses to the alleged incident, presumably, any and all witnesses to
17 the events surrounding this action (other than Plaintiff), are located near the
18 site of the subject incident. At this point, the only witnesses Defendant
19 contemplates Plaintiff will identify are employees of the Defendant,
20 Emergency Medical Technicians who may have responded onsite and
21 Health Care Professionals who administered care to the Plaintiff nearby the
22 subject premises (located near the Central District of California court), if any.
23 Without knowing the identities of the witnesses Plaintiff intends to call, for
24 now Defendant can only assume that any of these prospective witnesses
25 likely still work in the area immediately surrounding the subject premises.
26 Therefore, provided that Plaintiff does not refute the foregoing and does not
27 identify a number of specific witnesses that reside in the Southern District of
28 California, Defendant submits that a change in venue would be more

convenient to all witnesses that will likely be identified in connection with Plaintiff's claim, if any.

### (iii) The Interests of Justice Weigh In Favor of Transferring This Case to the Central District of California

Section 1404(a) of Title 28 of the United States Code "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness'." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); See e.g. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

On this basis, the Ninth Circuit Court of Appeals has identified a number of factors that should be considered in determining whether a venue transfer is in the "interests of justice": These include such private factors as "(1) the location where the relevant agreements were negotiated and executed,[2] (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). This determination may also consider such public factors as "the relevant public policy of the forum state, if any."

These factors are more or less consistent across states. See e.g. French Transit, Ltd. v. Modern Coupon Sys., Inc., 858 F. Supp. 22, 27 (S.D.N.Y. 1994) (wherein a New York based Federal Court applied the

---

[2] As this case deals with a claim based on tort law, rather than contract law, this factor should likely relate to the location where the conduct and events giving rise to the claim took place.

following factors: "(1) the convenience of parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof and the locus of operative facts; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the action can be tried more expeditiously and inexpensively (e.g., calendar congestion); and (7) the totality of circumstances." ).

Upon review of the foregoing factors, Defendant submits that any determination as to venue by this court made according to the "interest of justice" weighs in favor of venue in the Central District of California. Each of the foregoing factors are addressed in turn.

The location of the conduct and events giving rise to the claim all took place in Burbank, California. California law is controlling in this case, which is brought in federal court on the basis of diversity jurisdiction. See Plaintiff's Complaint, page 2, lines 5-6. Accordingly, transferring this case from one court based in California to another court in the same state has no prejudicial effect on the Plaintiff. As to Plaintiff's choice of forum, although, as a general rule, the Plaintiff's choice of forum is accorded some deference, when "the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value." TruServ Corp. v. Neff, 6 F. Supp. 2d 790, 794 (N.D. Ill. 1998). As the events giving rise to Plaintiff's Complaint did not take place in the Southern District of California, Plaintiff's choice of forum bears little weight in the court's determination of this matter. As to contacts relating to Plaintiff's cause of action, all relevant persons and places relating to Plaintiff's claims are located near the Central District of California (specifically, Burbank, California). Defendant is not aware of any significant costs differences between the two venues. There is also likely little difference in the

availability of compulsory process to compel attendance of unwilling non-party witnesses as the venue suggested in this Motion is within the same state as the present venue. Most importantly, and as discussed hereinabove, all witnesses and sources of proof relating to the subject incident are located in close proximity to the District Court of the Central District of California.

Therefore, if this Court decides to transfer this case rather than to dismiss it, the Defendant submits that the best venue to relocate this case would be to the Central District of California.

## III. CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint, pursuant to 28 U.S.C. § 1406(a) or transfer this case to the Central District of California, pursuant to 28 U.S.C. § 1404(a), as set forth herein.

DATED: September 5th, 2013      WOOD, SMITH, HENNING & BERMAN LLP

By: _____
STEVEN L. RODRIGUEZ
Attorneys for Specially-Appearing Defendant, J.P. ALLEN COMPANY dba HOLIDAY INN BURBANK-MEDIA CENTER

## DECLARATION OF STEVEN L. RODRIGUEZ

I, Steven L. Rodriguez, declare as follows:

1. I am an attorney at law duly admitted to practice before all courts of the State of California, including this District Court. I am an attorney with WOOD, SMITH, HENNING & BERMAN LLP, attorneys of record for Specially-Appearing Defendant JP Allen Company dba Holiday Inn Burbank-Media Center ("Defendant"). I know the following facts to be true of my own knowledge, and if called to testify, I could competently do so.

2. On August 21, 2013, Plaintiff Kevin Wilson (hereinafter "Plaintiff"), through his counsel of record, mailed counsel for Defendant J.P. Allen Company dba Holiday Inn Burbank-Media Center (hereinafter "Defendant") a Notice of Lawsuit and Request to Waive Service of a Summons.

3. On August 27, 2013, I executed the Waiver of the Service of Summons on behalf of Defendant. Counsel from my office then sent Plaintiff the original executed waiver form in the self-addressed stamped envelope provided by Plaintiff's counsel. Attached hereto as **Exhibit "1"** is a true and correct copy of the executed Waiver of the Service of Summons form.

4. Defendant is a wholly owned business entity, doing business within the State of California. Specifically, Defendant does business within the Cities of Burbank and Glendale, California.

5. Defendant does not conduct business within the Southern District of California.

6. Plaintiff's Complaint seeks damages from Defendant in connection with an alleged slip and fall occurring on the site of Defendant's property, located in Burbank, California, on February 11, 2012.

///
///

1. 7. Defendant submits that since this case is currently improperly venued in the Southern District of California, this court should either dismiss the action or transfer it to the Central District of California.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed September 5th, 2013, at Los Angeles, California.

    _____
    Steven L. Rodriguez

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

# EXHIBIT "1"



**WSH&B**  WOOD SMITH
HENNING & BERMAN LLP

10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
tel 310-481-7600 fax 310-481-7650

Direct dial:  (310) 481-7649
Email:        ebloch@wshblaw.com
Website:      www.wshblaw.com
Refer to:     10093-0053

August 30, 2013

R. Kelp Littlefield, Esq
Littlefield Law, LLC
639 Loyola Avenue, Suite 1820
New Orleans, LA 70113

    Re:    ***Kevin Wilson v. J.P Allen Company dba Holiday Inn Burbank-Media Center***
            Our Client:    J.P. Allen Company
            Case No.:    13CV1431 BEN BLM

Dear Counsel:

Enclosed please find the executed **original** of the waiver of service of summons in the above-referenced matter. As we discussed, we are returning this form to you to file. We will plan on filing our responsive pleadings accordingly. Thank you.

Very truly yours,

WOOD, SMITH, HENNING & BERMAN LLP

By: _____
      STEVEN L. RODRIGUEZ
      ELAN BLOCH

SLR/EXB:ana

cc:    Ms. Ceola McDonald, Esq.
       The Law Offices of Ceola McDonald
       19506 Highway 59 North, Suite 305
       Humble, Texas 77338

LEGAL:10093-0053/2731414.1

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| KEVIN WILSON | ) |
| --- | --- |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 13CV1431 BEN BLM |
| J.P. ALLEN COMPANY, ET AL | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: CEOLA McDONALD
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 08/21/2013, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 8/27/13

J.P. ALLEN COMPANY
*Printed name of party waiving service of summons*

_____, ATTORNEY FOR Δ
*Signature of the attorney or unrepresented party*

STEVEN L. RODRIGUEZ
*Printed name* of BERMAN LLP
WOOD, SMITH, HENNING, 10th FLOOR,
10960 WILSHIRE BLVD, L.A., CA 94122
*Address*

SRODRIGUEZ@WSHBLAW.COM
*E-mail address*

310-481-7600
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

FIRST CLASS MAIL
$00.46⁰
neopost
08/21/2013
US POSTAGE
ZIP 70113
041L13807577

Kelp Littlefield, Esq.
Littlefield Law, LLC
639 Loyola Ave., Suite 1820
New Orleans, LA 70113

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, California 90024-3804.

On September 11, 2013, I served the following document(s) described as **SPECIALLY-APPEARING DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1406, OR ALTERNATIVELY, TRANSFER PURSUANT TO 28 U.S.C. § 1404; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN L. RODRIGUEZ; [PROPOSED] ORDER** on the interested parties in this action as follows:

Ceola McDonald, Esq.
The Law Office of Ceola McDonald
19506 Highway 59 North
Suite 305
Humble, Texas 77338
Tel: (281) 674-4876 / Fax: (310) 601-1853
**Attorney for Plaintiff, KEVIN WILSON**

**BY MAIL:** I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List. I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 11, 2013, at Los Angeles, California.

_____
Jamila Duggans

LEGAL:10093-0053/2714254.1

-1-

MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. 1406, OR ALTERNATIVELY, TRANSFER PURSUANT TO 28 U.S.C. 1404