UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | June 12, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON V. J.P. ALLEN COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants

Not Present                            Not Present

**Proceedings:**   **(In Chambers:)** PLAINTIFF-IN-INTERVENTION'S MOTION TO INTERVENE (Dkt. 25, filed May 8, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 16, 2014, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

On June 19, 2013, plaintiff Kevin Wilson ("Wilson") filed this negligence action against J.P. Allen Co. and Does 1–10, inclusive (collectively, "defendants"). Dkt. 18. The operative first amended complaint ("FAC") alleges that Wilson injured himself on J.P. Allen Co.'s airport hotel property in a fall resulting from "an unmarked drop in elevation in front of the entrance to the hotel." Id. ¶ IV. Under the scheduling order, the cutoff for amending pleadings and adding parties is currently June 27, 2014. Dkt. 23.

On May 8, 2014, proposed intervenor New Hampshire Insurance Co. ("NHIC") filed a motion to intervene. Dkt. 25. Neither plaintiff nor defendant has opposed the motion. After considering NHIC's motion, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Rule 24(a) provides as follows:

> Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | June 12, 2014 |
| Title | KEVIN WILSON V. J.P. ALLEN COMPANY, ET AL. | | |

when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit has adopted a four-part test for applying Rule 24(a)(2):

(1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003).  Each of these elements must be demonstrated in order to provide a non-party with a right to intervene.  League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).   The rule is construed broadly in favor of applicants for intervention.  United States v. Oregon, 839 F.2d 635, 637 (9th Cir. 1988).

## III.    DISCUSSION

NHIC is JetBlue Airways Corp.'s worker's compensation policy issuer.  Mot. at 2.  Plaintiff Wilson was a flight attendant working for JetBlue Airways Corp. when he alleges that he was injured walking toward an airport-bound shuttle bus outside defendant's hotel.  Id.  NHIC avers that it has paid more than $59,000 to Wilson, or on his behalf, in worker's compensation benefits as a result of this alleged injury.  Id.  NHIC asserts that under Cal. Lab. Code §§ 3850-56, its present and future worker's compensation payments give rise to liens against any recovery from the defendant.  Id. at 3.  It now seeks to intervene as a plaintiff as of right pursuant to Fed. R. Civ. P. 24(a).  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | June 12, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON V. J.P. ALLEN COMPANY, ET AL. | | |

The Court finds that NHIC should be permitted to intervene as of right.[1] NHIC meets the Arakaki test because its intervention is timely, it has a significant protectable interest in the subject of the action, and it asserts claims that no other party will advance.

First, NHIC's motion to intervene is timely, as it was filed before the Court has made any substantive rulings in this case. Courts have allowed intervention at later stages of the proceedings than those presented here. See United States v. Carpenter, 298 F.3d 1122, 1125 (9th Cir. 2002) (finding applicants' intervention timely despite 18-month delay).

Second, NHIC has a significant protectable interest in the subject of this action. NHIC's motion asserts that the California Labor Code grants it a lien when an actionable injury leads NHIC to pay worker's compensation claims. See Cal. Lab. Code § 3856 (requiring reimbursement to an employer or an insurer from judgment regardless of whether employee, employer, or both prosecute a civil negligence action). "An applicant seeking to intervene need not show that the interest he asserts is one that is protected by statute under which litigation is brought. . . . It is enough that the interest is protectable under any statute." United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004) (internal citation omitted). Thus, NHIC has a significant protectable interest in seeking reimbursement out of any judgment awarded to plaintiff.

The Court finds the third and fourth Arakaki factors met because NHIC is the only party that can assert and advance these statutory lien rights. "In determining the adequacy of representation, we consider whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." United States v. Oregon, 839 F.2d at 638 (quoting California v. Tahoe Regional Planning Agency, 792 F.2d 775, 779 (9th Cir.1986)). Thus, NHIC's intervention is necessary to protect its rights because no other party will pursue the lien rights NHIC claims, or advance the arguments needed to assert them.

---

[1] Because the Court concludes that intervention of right is proper, the Court does not reach the issue of permissive intervention under FRCP 24(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | June 12, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON V. J.P. ALLEN COMPANY, ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS NHIC's motion to intervene.

IT IS SO ORDERED.

00  :  00

Initials of Preparer     CMJ