UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Anne Kielwasser | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Ceola McDonald (By Telephone)

Attorneys Present for Defendants:

Steven Rodriguez

Attorneys Present for Intervenor:
Stephen Bergen (By Telephone)

**Proceedings:** DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 49, filed September 17, 2014)

## I.    INTRODUCTION

On June 19, 2013, plaintiff Kevin Wilson filed the instant lawsuit against defendant J.P. Allen Company DBA Holiday Inn Burbank-Media Center and Does 1 through 10 in the U.S. District Court for the Southern District of California. Dkt. No. 1. On September 11, 2013, defendant specially appeared to file a motion to dismiss the case on the ground of improper venue or, in the alternative, transfer the case to the Central District of California. Dkt. No. 4. On September 26, 2013, plaintiff filed a response in which he agreed that the Central District of California was the correct venue. Dkt. No. 5. On October 15, 2013, the case was transferred to this Court. See Dkt. No, 9. On January 24, 2014, plaintiff filed the operative First Amended Complaint ("FAC"). Dkt. No. 18. In brief, the FAC alleges that defendant's negligently failed to mark and maintain a drop in elevation in front of a hotel entrance, causing plaintiff to fall and sustain injuries. FAC ¶¶ 4–6.

On September 17, 2014, defendant filed a motion for summary judgment. Dkt. No. 49. Plaintiff filed an opposition on October 13, 2014.[1] Dkt. No. 53.[2] Defendant replied

---

[1]Intervenor New Hampshire Insurance Company ("NHIC") filed a joinder to plaintiff's opposition. Dkt. No. 51. NHIC was the worker's compensation insurance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

on October 20, 2014. Dkt. No. 56. The Court held a hearing on November 3, 2014. After considering the parties' arguments, the Court concludes that the motion for summary judgment should be denied for the reasons set forth below.

## II. BACKGROUND FACTS THAT ARE NOT IN DISPUTE

Unless otherwise noted, the following facts are not in dispute for purposes of this motion.³ The alleged incident giving rise to this lawsuit occurred on February 11, 2012 near the entrance of a Holiday Inn in Burbank, California. Defendant's Undisputed Material Facts ("DUMF") ¶ 1; Plaintiff's Statement of Genuine Disputes ("PSGD") ¶ 1. Just prior to the incident, plaintiff, a flight attendant, had walked out of the hotel lobby to board an airport shuttle. DUMF ¶ 3–4; PSGD ¶¶ 3–4. When the alleged incident occurred, plaintiff was attempting to enter the shuttle parked adjacent to a curb located near the hotel's front entrance. DUMF ¶ 8; PSGD ¶ 8.

---

carrier for plaintiff's employer at the time of the subject accident and has paid benefits to and on behalf on plaintiff, for which it seeks recovery in this lawsuit. Id. The Court granted NHIC's motion to intervene on June 12, 2014, finding that its intervention was timely, that it has significant protectable interests in the subject of the action, and that it asserts claims no other party would advance. Dkt. No. 29.

²Defendant objects that plaintiff's opposition and supporting documents were not timely filed under Local Rule 7-9. The Court disagrees with defendant's interpretation of the Local Rule and notes that, even if the opposition were not timely filed, defendant has not demonstrated that it has suffered prejudice as a result of the filing date. Therefore, the Court rejects defendant's invitation to decline to consider plaintiff's opposition or any accompanying documents.

³Defendant assumes for purposes of this motion only many of plaintiff's factual claims, including that the curb was "unmarked,' that the curb measured two and three-eights inches in height, that plaintiff suffered an ankle injury on defendant's property, and that the placement on a nearby walkway violated the Americans with Disabilities Act. See Memo. Supp. MSJ at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

An MRI report dated April 10, 2012, describes plaintiff's injuries as "consistent with tears of the anterior talofibular ligament and calcaneofibular ligaments . . . with small joint effusion and subcutaneous edematous changes to the lateral joint." DUMF ¶ 39; PSGD ¶ 39. These findings are consistent with an "inversion" ankle injury. DUMF ¶ 40; PSGD ¶ 40. Plaintiff underwent right lateral ligament reconstructive surgery on March 20, 2013. DUMF ¶ 41; PSGD ¶ 41.

On March 7, 2012, an attorney representing plaintiff sent a letter to defendant stating that plaintiff "slipped on a slippery sidewalk at the hotel's entrance and fell to the ground sustaining serious injury." DUMF ¶ 34; PSGD ¶ 34. On May 21, 2012, defendant received another letter from plaintiff's attorney, stating that plaintiff had fallen because of an "unmarked rise in the walkway" at the hotel. DUMF ¶ 35; PUMF ¶ 35. In June 2014, plaintiff and NHIC hired Charles Turnbow ("Turnbow"), a professional engineer and attorney, as a retained liability expert for this lawsuit. DUMF ¶¶ 27–30; PSGD ¶¶ 27–30. Because the hotel employs a system that automatically deletes surveillance footage after five days, there is no existing video footage of plaintiff's fall. See DUMF ¶¶ 66–73; PSGD ¶¶ 66–73.

As noted above, the FAC alleges that the curb constituted a dangerous unmarked drop in elevation. DUMF ¶ 24; PSGD ¶ 24. The driveway concrete is delineated from the adjacent elevated curb and sidewalk by a large diamond-scoring pattern, referred to by Turnbow as "expansion joints." DUMF ¶¶ 42–43; PSGD ¶¶ 42–43. These "expansion joints" ran in different directions on the curb and sidewalk than did the patterns on the driveway. DUMF ¶¶ 42–43, 50–51; PSGD ¶¶ 42–43, 50–51. Plaintiff does not recall whether he looked downward prior to his alleged fall. DUMF ¶ 53; PSGD ¶ 53. The curb and driveway complied with the City of Burbank's Standard Plans. DUMF ¶¶ 44–45; PSGD ¶¶ 44–45. A stationary planter was located approximately four feet from the location of the incident. DUMF ¶ 56; PSGD ¶ 56. Turnbow testified that this placement partially blocked a nearby walkway in violation of California building codes and the Americans with Disabilities Act ("ADA") standards. DUMF ¶ 57; PSGD ¶ 57. No evidence has been presented of any prior similar incidents on the subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

property, and no other injuries attributed to the curb in question have been reported. DUMF ¶¶ 54, 65; PSGD ¶ 54, 65.[4]

### III.  LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the

---

[4] To the extent that plaintiff objects to otherwise undisputed facts cited in this section as irrelevant under Federal Rules of Evidence 401 and 402, those objections are OVERRULED because the Court finds that the evidence has some "tendency" to make a "fact of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

IV.   ANALYSIS

   A.   **Applicable Negligence Principles**

Although the FAC does not state a cause of action, the parties agree that plaintiff's claims sound in negligence. DUMF ¶ 5; PSGD ¶ 5. To recover for negligence under California law, a plaintiff must show (1) that defendant owed plaintiff a duty of care, (2) that defendant breached that duty, (3) that the breach was the legal and proximate cause of plaintiff's injury, and (4) that plaintiff suffered damages. Paz v. California, 22 Cal.4th 550, 559 (2000). "The same concepts of duty applicable to general negligence claims apply to premises liability claims." Hall v. Aurora Loan Servs. LLC, 215 Cal. App. 4th 1134, 1139 (2013). In the recent case of Howard v. Omni Hotels Mgmt. Corp., 203 Cal. App. 4th 403, 421 (2012), the California Court of Appeal discussed the negligence principles applicable to hotel operators:

> Commercial property owners are not insurers of the safety of their patrons, although they owe the patrons duties "to exercise reasonable care in keeping the premises relatively safe." To exercise a degree of care that is commensurate with the risks involved, the owner must make reasonable inspections of the portions of the premises open to customers. An owner is liable for harm caused by a dangerous condition, of which the owner had actual or constructive knowledge. An injured plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it, but failed to take reasonable steps to do so. One way to carry that burden is to raise an inference that the hazardous condition existed long enough for the owner to have discovered it, if an owner exercising reasonable care would have learned of it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

> Hotel proprietors have a special relationship with their guests that gives rise to a duty "to protect them against unreasonable risk of physical harm." " 'The duty in each case [as with common carriers] is only one to exercise reasonable care under the circumstances. The defendant is not liable where he neither knows nor should know of the unreasonable risk. . . .' " However, hotel guests can reasonably expect that the hotel owner will be reasonably diligent in inspecting . . . for defects, and correcting them upon discovery. . . .
>
> The fact that an accident occurred does not give rise to a presumption that it was caused by negligence. Instead, the injured plaintiff must establish sufficient facts or circumstances that support an inference of a breach of duty.

Id. at 431–32 (internal citations omitted).

Defendant does not contest that it owed plaintiff a general duty of reasonable care, and concedes for purposes of this motion plaintiff's allegations about the factual circumstances of the hotel property and plaintiff's injuries. See Memo. Supp. MSJ at 3, 13. Defendant argues that it is nonetheless entitled to summary judgment because (1) plaintiff cannot show a breach of duty for several reasons, and (2) plaintiff cannot show causation because his own liability expert testified that the mechanics of the alleged fall do not implicate the alleged hazard. The Court addresses each argument in turn.

### B. Breach of Duty

Defendant argues that, as a matter of law, it cannot be found to have breached a duty so as to be held liable for negligence. First, defendant argues that plaintiff cannot show a breach of duty because the curb met all building code requirements. But a "property owner's compliance with a law or safety regulation, in and of itself, does not establish that the owner has utilized due care." Howard, 203 Cal. App. 4th at 421 (citing Amos v. Alpha Prop. Mgmt., 73 Cal. App. 4th 895, 901 (1999)). Therefore, the curb's compliance with all building code requirements does not entitle defendant to judgment as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

a matter of law, although the jury may certainly consider it as evidence weighing against a finding of negligence.[5]

    Defendant also argues that it had "no notice of a dangerous condition, as there were no prior similar incidents on the property." Memo. Supp. MSJ at 21. " '[T]o impose liability for injuries suffered by an invitee due to [a] defective condition of the premises, the owner or occupier must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise or ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises.' " Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1206 (2001) (further internal quotation marks omitted) (quoting Girvetz v. Boys' Market, 91 Cal. App. 2d 829, 829 (1949)). However, "[t]he landowner's lack of knowledge of the dangerous condition is not a defense. He or she has an affirmative duty to exercise ordinary care to keep the premises in reasonably safe condition, and therefore must inspect them or take other proper means to ascertain their condition. And if, by the exercise of reasonable care, the landowner would have discovered the dangerous condition, he or she is liable." 6 Witkin, Summ. Of Cal. Law, Torts § 1121 (10th ed. 2005). Moreover, whether the defendant knew or should have known about the dangerous condition is generally "a question of fact for the jury," and "[e]ach accident must be viewed in light of its own unique circumstances." Ortega, 26 Cal. 4th at 1207.

---

[5]Similarly, defendant argues that Turnbow's testimony that the placement of a planter on the walkway near the curb violated the ADA is irrelevant because plaintiff "would have had to step out to the edge of the curb in order to board the shuttle bus anyway." Memo. Supp. MSJ at 21. But reading the record in the light most favorable to the plaintiff and regardless of the per se negligence principles gestured at by the briefing, Turnbow's testimony supports an inference that the planter was unreasonably placed so as to increase the likelihood that patrons would walk or stand closer to the driveway. In other words, even though plaintiff would have had to stand close to the edge of the curb to board the shuttle bus, a jury could conclude that the placement of the planter substantially increased the likelihood that his foot would straddle the edge of the curb in a dangerous fashion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

At least for purposes of this motion, it is undisputed that the allegedly dangerous condition—that is, an unmarked drop in elevation—existed. And California courts have long held that "as to business invitees, the owner should conduct frequent inspections." Id. Therefore, despite the apparent lack of notice of a previous accident caused by the unmarked curb, there is a triable issue of material fact as to whether defendant was on notice of the existence of the allegedly dangerous condition itself. See 6 Witkin Torts § 1121 ("The plaintiff need not show actual knowledge where the evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge.").[6] That there is no evidence of a prior accident involving the allegedly dangerous condition may be a persuasive factual argument as to the reasonableness of defendant's conduct, but it does not entitle defendant to judgment as a matter of law. See Henderson v. McGill, 222 Cal. App. 2d 256, 265 (1963) ("Defendants contend that they are relieved from liability because no similar accident had ever happened before and hence defendants had never been notified of danger . . . . This is a non sequitur. The lack of a prior accident would not excuse liability if the dangerous condition should reasonably have been known."); Touhy v. Owl Drug Co., 6 Cal. App. 2d 64, 67 (1935) ("That only one or two of thousands entering such premises in a period of months fell because of such deception does not affect the rule of liability, but goes to furnish some proof of the camouflaging effect of the use of the same color or design on different levels.").

Next, defendant argues that any danger presented by the curb was an "open and obvious" one for which defendant cannot be held liable. As Witkin explains, California courts have sometimes analyzed obvious dangers as an issue of contributory negligence,

---

[6]See also R.D. Hursh, Annotation, Liability of Proprietor of Store, Office, Or Similar Business Premises for Injury from Fall on Stepdown or Other One-Step Change in Floor Level, 65 A.L.R.2d 471 § 7[b] (1959) (citing Touhy v. Owl Drug Co., 6 Cal. App. 2d 64 (1935)) ("[O]ne seeking to recover from the proprietor of a business for injuries sustained in a fall on a stepdown . . . who alleges that the injury was traceable to dangers inherent in the stepdown or change in floor level (that is, dangers traceable to its existence or construction), need not establish that the proprietor had actual or constructive notice of such dangers, since, assuming that the dangers existed, the properietor will not be heard to deny notice thereof.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

and sometimes as an issue of breach of duty. Compare 6 Witkin Summ. Cal. Law Torts § 1125 ("Where the danger is so obvious that a person could reasonably be expected to see it, the plaintiff's failure to take precautions is regarded by many cases as contributory negligence."), with id. § 1126 ("[I]f the danger is so obvious that a person could reasonably be expected to see it, the condition itself serves as a warning, and the landowner is under no further duty unless harm was foreseeable despite the obvious nature of the danger. Under this analysis, the defendant is not negligent, i.e., he or she has not violated any duty of care."). Under either line of cases, the Court finds that a genuine issue of material fact as to whether the alleged danger was obvious precludes the granting of summary judgment.

      Defendant cites Haberlin v. Peninsula Celebration Ass'n, 156 Cal. App. 2d 404 (1957), and Krongos v. Pacific Gas & Electric Co., 7 Cal. App. 4th 387 (1992), for the proposition that a "defendant is entitled to summary judgment on a premises liability claim if it presents evidence demonstrating, as a matter of law, that the Plaintiff was injured by 'a danger . . . so obvious that a person could reasonably be expected to see it.' " Memo. Supp. MSJ at 22. But these cases do not support granting summary judgment here. In Krongos, the Court of Appeal reversed a grant of summary judgment in favor of a landowner on whose property the plaintiff was electrocuted, overruling the trial court's finding that the landowner did not owe the plaintiff a duty of care. 7 Cal. App. 4th at 392–95. The Court of Appeal noted that under the particular circumstances of a given case, the "foreseeability of injury . . . when considered along with various other policy considerations" could impose a duty to warn even with regard to an obvious danger. Id. at 393. Although the court noted that "we think it unlikely that a jury will find that [the landowner] breached this duty of care," the court sent the case back to the trial court for that factual determination to be made. Id. at 392 (emphasis in original). And in Haberlin, the appellate court affirmed a trial court's grant of a new trial where a plaintiff had been struck by a horse at a rodeo run by the defendant. 156 Cal. App. 2d at 411. In doing so, the court explained that, in part because the danger from the horses may have been obvious, "[w]e cannot say as a matter of law as we would be required to do in order to reverse the order granting a new trial that defendant was negligent in placing the refreshment truck in a gap in the track fence." Id. at 408. Here, the issue is not whether defendant was negligent as a matter of law, but whether, as a matter of law, defendant could not have been negligent. Neither of these cases found as a matter of law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

that an alleged danger was open and obvious, and the Court does not find it appropriate to do so here.[7]

Simply put, defendant has not shown that no jury could find that the complained-of danger was non-obvious. " 'It is ordinarily a question of fact . . . whether the particular danger was obvious.' " Henderson v. McGill, 222 Cal. App. 2d 256, 260 (1963) (quoting 35 Cal. Jur. 2d Negligence, § 134); see also Curland v. L.A. Cnty. Fair Ass'n, 118 Cal. App. 2d 691, 695 (1953) ("Whether the danger was obvious to plaintiff was a question of fact for the jury. Whether a person, under the circumstances, made a reasonable use of his faculties is also a question for the jury." (citations omitted)). Plaintiff has submitted some evidence tending to show that the danger presented by the change in elevation was not obvious. For example, Turnbow, plaintiff's liability expert, testified "that the change in elevation, as depicted in the photographs—we measured it—created a hazard to the guests in that . . . it's not conspicuous, not readily visible." Turnbow Depo. at 59:2-5. Turnbow further testified, "[t]here's no change of contrast. There's no color. At two inches the geometric differential in height is difficult for individuals to see." Id. at 65:4-7. Additionally, plaintiff testified that he "[c]ouldn't distinguish that it [the curb] was an elevation." Wilson Depo. at 67:6-7. This testimony creates a triable issue of fact as to whether the change in elevation was obvious as to relieve defendant of all liability. That "expansion joint" lines running in different directions provided "delineation" between the

---

[7]The Court also finds unpersuasive defendant's other case citations on this issue. In Christoff v. Union Pacific Railway Co., 134 Cal. App. 4th 118, 126–27 (2005), the court held that a railroad company had no duty to warn of the danger of being on railroad tracks at the same time as a train. And in Mathews v. City of Cerritos, 2 Cal. App. 4th 1380, 1385 (1992), the court concluded that, within the meaning of a California statute governing the liability of public entities for injuries caused by dangerous conditions on their property, "the danger of riding a bicycle down a very steep, wet grassy hill is obvious from the appearance of the property itself." As explained herein, the danger presented by an allegedly unmarked curb is not nearly so obvious as in these cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

driveway and the curb may convince a jury that plaintiff should have noticed the curb, but it does not suffice to take that factual question away from the jury.[8]

Therefore, the Court finds that defendant has not carried its burden of showing that it is entitled to summary judgment on the ground that it did not breach a duty owed to plaintiff.

   C.   **Causation**

To establish causation in the premises liability context, a plaintiff must show "(1) the defendant's breach of its duty to exercise ordinary care was a substantial factor in bringing about plaintiff's harm, and (2) there is no rule of law relieving the defendant of liability." Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1205 (2001). "These are factual questions for the jury to decide, except in cases in which the facts as to causation are undisputed." Id. (citing Constance B. v. State of California, 178 Cal. App. 3d 200, 207 (1986)). Nevertheless, defendant argues that it is entitled to summary judgment because the testimony of plaintiff's own liability expert disproves any causal connection between the alleged danger and plaintiff's injury. Below, the Court (1) lays out relevant parts of the record, (2) addresses defendant's argument that declarations filed by plaintiff in opposition to this motion should not be considered because they contradict deposition testimony, and (3) determines that summary judgment is not warranted on the record before the Court.

---

    [8]Turnbow also testified, "I don't think the expansion joints would have been particularly conspicuous." Turnbow Depo. at 68:19-19. He further testified that, although he was unaware of exactly how far the shuttle was parked away from the curb, if it was parked close enough for plaintiff to sidestep from the curb into the passenger seat, the shuttle would have likely concealed much of the otherwise visible contrast between expansion joint patterns. Id. at 68:13–72:15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

1. The Parties' Evidence

    a. Plaintiff's Deposition

In his deposition, plaintiff described in various ways the mechanics of his fall. Plaintiff testified that as he was lifting his left leg to get into the shuttle, "this ankle, my right base leg, rolled and went under me and went towards the vehicle, and my body dropped." Wilson Depo. at 64:22-25. Plaintiff later indicated that the "left side of [his] foot rolled up." Id. at 72:12; 73:11-13. Finally, plaintiff responded affirmatively to the following attempt to sum up his deposition testimony about the mechanics of his fall, which apparently included many physical gestures:

> Q: The left side of your foot raised up, and the right side of your foot headed down and went under your body with your right foot being at the lowest point and the—or with the right part of your right foot being at the lowest point and the left part of your right foot being raised in the air?
> A: That's affirmative.
> Q: And then your right foot slid under your left foot; is that correct? Under your left leg?
> A: Yes, sir.

Id. at 73:17–74:1. Plaintiff elaborated that his upper body fell "straight down," but that his "right leg went left . . . towards the van." Id. at 74:14-17.

    b. Plaintiff's Expert's Deposition

Turnbow, an engineer and attorney retained as plaintiff's liability expert, was deposed some time after plaintiff. At this point, Turnbow had investigated the location of the alleged accident and written a preliminary report concluding that "the change of curb elevation near the lobby entry creates a substantial tripping hazard to the guests," that "the most substantial contributing factor in Kevin Wilson's fall was the undetected change of elevation between the curb and driveway surface," and that "[t]he obstruction of the walkway by the placement of the planter boxes forced the pedestrian to step along the edge of the curb." See Turnbow Decl. Ex. B (Dkt. No. 54-3). In the deposition,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**               'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

defendant's counsel asked Turnbow to comment on portions of plaintiff's deposition, including the sections quoted above.

    Turnbow testified that, given plaintiff's position at the time of the accident, [t]he foot would twist and turn medial, rolled toward the inside, towards his body, towards his big toe if you will." Turnbow Depo. at 34:7-9. Turnbow explained that because plaintiff "was facing south with his right foot on the curb, if the foot rolled off of the curb, it would have to roll to his left or medial towards his body," or in other words, "off the curb towards the van or the shuttle." Id. at 34:25–35:2, 35:15-16. Turnbow acknowledged that the mechanism plaintiff had described in his deposition—the foot rolling to the right—was "just the opposite" of what Turnbow had indicated would happen as a result of the curb. Id. at 36:21-22. Turnbow opined that rolling to the right as plaintiff had described "would be physically impossible." Id. at 37:15-16. Specifically:

> A:    The way [plaintiff] describes it is that the outside of his foot tipped downward and the inside of his foot tipped upward facing the opposite leg.
> Q:    That's on pages—
> A:    That would be inversion. I think that the mechanics of the accident had [] to be that it everted because there['s] no way it's going to work the other way.
> . . . .
> A:    In order—candidly, in order to fall victim to this hazard—and the hazard is there—the foot would have to evert or twist inward. That would be the most anticipated mechanics of the fall. I can't anticipate, based on my knowledge of the way people walk and what we tested, that it would have happened in the opposite direction.

Id. at 40:17-23, 41:15-21; see also id. at 41:3-6 ("[T]here's nothing in the area where the accident occurred that would be consistent with the—with his foot inverting or with the outer—the—the right side tipping downward."); id. at 64:2-4 ("As Mr. Wilson described it . . . I don't think the mechanics of that fall are possible."). Turnbow explained that a roll off of the curb could only have occurred in one direction because the hazard is caused by the fact that "[w]here there's no concrete, there would be no support." Id. at 63:10-11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

Therefore, Turnbow testified that there would be no "causal connection" between the fall as described by plaintiff in his deposition and the alleged danger. See id. at 64:14-17.

Addressing the discrepancy, Turnbow testified, "I think [plaintiff] got left and right mixed up in his deposition." Id. at 49:14-15.. Turnbow reiterated that "I think the mechanics of the fall would be consistent with somebody falling victim to this hazard" but "would cause just the opposite [of what plaintiff described in his deposition], that the inside portion of his foot would turn downward and the left side of his right foot would have impacted first." Id. at 59:18-22. He further explained:

> In order for the accident to have occurred in the general manner [plaintiff] described that is he was stepping into the shuttle with—with his left foot and his right foot rolled, it would have rolled off of the curb medial, everted, and with his right side of his right foot tipping up and the left side tipping down. He would have had the sensation of it tipping on top of his foot. That's all consistent. It's just a difference of left and right.

Id. at 60:19–61:2. Turnbow based his opinion on plaintiff's testimony, conversations with plaintiff's attorney, and an inspection of the hotel property. See id. at 61:8-25. At the time of his deposition, Turnbow had not reviewed any of plaintiff's medical records. See id. at 58:16-18.

c.   Declarations Filed in Opposition to this Motion

Concurrently with his opposition to this motion for summary judgment, plaintiff filed a sworn declaration. See Wilson Decl. (Dkt. No. 53-3). This declaration provides an account of the alleged fall:

> 5.   Just prior to falling, the left side of my right foot was off the curb and not supported by concrete and the right side of my right foot was supported by the curb and concrete.
> 6.   At all times, I was paying attention to where I was going and to my surrounding [sic].
> 7.   I did not notice a change in elevation prior to the fall.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

8. As I raised my left foot up in to the air to get into the front passenger seat of the airport shuttle, my right foot everted, rolling toward my big toe and off the curb, causing me to lose my balance.
9. At that point, my left foot swung around in front of my and my right foot slid behind my left leg.
10. As my right leg slid behind my left leg, my right ankle inverted, rolling toward my little toe.
11. I then fell on my buttocks.
12. The shuttle driver watched me fall to the ground.
12. [sic] The above series of events happened very quickly.

Id. ¶¶ 5–11. Wilson further declares that he began experiencing ankle pain "immediately following" the fall, and "did not have any problems with [his] right ankle" prior to the fall. Id. ¶¶ 13, 14.

Turnbow filed a declaration reiterating his opinion that "[t]he most substantial contributing factor in Kevin Wilson's fall was the undetected change in elevation between the curb and driveway surface." Turnbow Decl. Ex. B (Dkt. No. 54-3) ¶ 4. Turnbow also declared that "[t]he mechanics of the fall as described by Kevin Wilson in [the aforementioned] Declaration . . . is [sic] consistent with Mr. Wilson falling victim to this hazard." Id. ¶ 5.

Finally, Dr. Ramon Rodriguez, an orthopedic surgeon who states that he is the treating physician for plaintiff's ankle injury, also filed a sworn declaration. See Rodriguez Decl. (Dkt. No. 53-2). Rodriguez declares that he operated on plaintiff's foot and ankle on May 20, 2013. Id. ¶ 3. He also avers that he "reviewed the Declaration of Kevin Wilson," and that the "mechanics of Kevin Wilson's fall as described in his Declaration are consistent with his injuries." Id. ¶¶ 5, 6. The doctor concludes that "[b]ased on the Declaration . . . and to a reasonable degree of medical certainty, I would relate Kevin Wilson's injuries to his fall of February 11, 2012." Id. ¶ 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

    2.    Defendant's Argument that the Court Should Strike the Declarations Filed with the Opposition

In its reply brief and several evidentiary objections, defendant argues that plaintiff's submitted declarations represent an improper attempt to change damaging deposition testimony, and should not be considered by the Court.

In Cleveland v. Policy Management Systems Corp., the Supreme Court noted that

> [t]he lower courts . . . . have held with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts the party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity.

526 U.S. 795, 806 (1999). While declining to "necessarily endorse these cases," the Supreme Court "[left] the law as [the Court] found it." Id. at 807. In one of the cases cited by the Supreme Court, the Ninth Circuit explained its application of the so-called "sham affidavit" rule:

> The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony. See Foster v. Arcata Assocs., 772 F.2d 1453, 1462 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986); Radobenko v. Automated Equip. Corp., 520 F.2d 540, 543–44 (9th Cir.1975). "[I]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." Foster, 772 F.2d at 1462; Radobenko, 520 F.2d at 544 (quoting Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir.1969)).

Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991). The court noted, however, that the federal circuits "have urged caution in applying this rule." Id. For

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

example, the Fifth Circuit has stated that "every discrepancy contained in an affidavit does not justify a district court's refusal to give credence to such evidence." Id. (quoting Kennett-Murray Corp. v. Bone, 622 F.2d 887, 894 (5th Cir. 1980)). The Bone court reversed a grant of summary judgment where an affidavit, though inconsistent with deposition testimony, was at least plausibly filed to "explain certain aspects of [the plaintiff's] deposition testimony" because the plaintiff was "confused during the deposition." Bone, 622 F.2d at 894. The Ninth Circuit also cited statements by the Seventh and Tenth Circuits to the effect that "[a]n inconsistent affidavit may preclude summary judgment . . . if the affiant was confused at the deposition and the affidavit explains those aspects of the deposition testimony." Kennedy, 952 F.2d at 266 (citing Miller v. A.H. Robbins Co., 766 F.2d 1102, 1104 (7th Cir. 1985), and Franks v. Ninmo, 796 F.2d 1230, 1237 (10th Cir. 1986)).

Accordingly, the Ninth Circuit concluded that the sham affadavit rule "does not automatically dispose of every case in which a contradictory affidavit is introduced to explain portions of earlier deposition testimony. Rather . . . . the district court must make a factual determination that the contradiction was actually a 'sham.' " Id. at 267. The court has since affirmed that "the non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition; minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit." Messick v. Horizon Indus., Inc., 62 F.3d 1227, 1231 (9th Cir. 1995).

Defendant argues that plaintiff's declaration (and the Turnbow and Rodriguez declarations that rely on it) is an improper attempt to manufacture a triable issue, as shown by the following inconsistencies: (1) plaintiff's deposition testimony described an "inversion" (roll toward the little toe), while his declaration describes an initial "eversion" (roll toward the big toe); (2) plaintiff's deposition described a single twist, while his declaration describes a pair of twists; (3) plaintiff's deposition testimony did not indicate, as does his declaration, that plaintiff's left foot "swung around" in front of him as his right foot slid behind his left leg. Defendant further notes that plaintiff did not make any attempt to correct his deposition testimony until after the filing of defendant's motion for summary judgment, and argues that plaintiff has failed to explain the inconsistencies between the deposition and declaration accounts of the fall, or "how Mr. Turnbow can reconcile these two different explanations." Reply at 7–8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

    As explained above, the Ninth Circuit has refused to apply the sham affidavit rule to a later filing that plausibly explains or clarifies prior deposition testimony. Reviewing the record, the Court cannot "make a factual determination that the contradiction" between the deposition and declaration represents a "sham," as the Court would have to do to exclude the declaration under Kennedy. The two accounts are not perfectly consistent with regard to the mechanics of the alleged fall; nonetheless, both suggest that plaintiff fell because he lost his balance while stepping off of the curb. Moreover, the deposition testimony was elicited through an extended series of questions and answers, during which plaintiff apparently made numerous physical gestures not preserved on the record. And in his declaration, plaintiff explains that the fall's events "happened very quickly." Under these circumstances, it is plausible that plaintiff was confused during his deposition and able to clarify the series of events in a declaration after further reflection.

    Nor is the Court sufficiently troubled by Turnbow's purported failure to "reconcile" the different explanations so as to strike the proffered documents. In fact, in his deposition, Turnbow opined, "I think [plaintiff] got left and right mixed up in his deposition." Turnbow Depo. at 49:14-15. He further explained that plaintiff's described "sensation" of "tipping" was consistent with the hazard, and that "[i]t's just a difference of left and right." Id. at 60:25–61:2. This testimony gives enough of an explanation of the inconsistencies of plaintiff's deposition and declaration, and of Turnbow's reconciliation of them, to persuade the Court that striking the evidence would be inappropriate.[9]

---

[9] Defendant raises other evidentiary objections to plaintiff's declaration. See Dkt. No. 56-5, Objections No. 3–8. The Court OVERRULES objections 5, 6, and 7 for the reasons explained above, and need not reach objections 3, 4, and 8, because the Court does not rely on the objected-to evidence. To the extent that it relies on the objected-to evidence, the Court OVERRULES each objection to Turnbow's and Rodriguez's declarations (numbered 10 through 17) because it finds that the evidence meets the permissive relevance standard of Federal Rule of Evidence 401. The Court similarly OVERRULES defendant's relevance-based objection to Turnbow's deposition testimony (objection number 22). The Court need not reach defendant's other evidentiary objections because the Court does not rely on the objected-to evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

  3.  Application

  Defendant argues that it is entitled to summary judgment on the issue of causation because plaintiff described in his deposition an "inversion" ankle roll, his injuries are consistent with him having experienced an inversion ankle roll, and Turnbow's testimony establishes that the alleged dangerous condition would not have caused an inversion ankle roll. But having determined that it would be inappropriate to strike the aforementioned declarations, the Court finds that genuine issues of material fact exist as to whether plaintiff's injuries were caused by the alleged dangerous condition. Turnbow has testified that the curb was inadequately marked so as to constitute a tripping hazard and contribute to plaintiff's fall, and declared that the mechanics of the fall as described in plaintiff's declaration are consistent with that hazard. The declaration of plaintiff's treating physician and undisputed medical records constitute some evidence supporting an inference that plaintiff sustained his injuries in a fall that could have been caused by the arguably dangerous conditions on defendant's property. At trial, defendant will be able to attack the credibility of plaintiff and Turnbow with the inconsistent accident descriptions, and present their own evidence that the description in plaintiff's declaration is "not possible" or "consistent with the physical evidence." See Wobrock Decl. Ex. B (Dkt. No. 56-2). But mindful of the principle that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986), the Court concludes that defendant is not entitled to summary judgment on the issue of causation.[10]

---

  [10]At oral argument, defendant's counsel expressed concern that the Court's tentative order suggested that a strict liability standard applied. To the contrary, as set forth above, the proper standard is whether defendant was negligent in a manner that proximately caused plaintiff's injuries.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07946-CAS(MRWx) | Date | November 3, 2014 |
| Title | KEVIN WILSON v. J.P. ALLEN COMPANY DBA HOLIDAY INN BURBANK-MEDIA CENTER, ET AL. | | |

## V.   CONCLUSION

In accordance with the foregoing, the Court DENIES defendant's motion for summary judgment.

IT IS SO ORDERED.

| | | 00 | : | 08 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |